IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BENNIE KYLE,

    Petitioner,

v.

                                                         Criminal Action No. 1:15cr107
                                                         Civil Action No. 1:16cv183
                                                          (Judge Keeley)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

This case was opened as a § 2241 habeas action in this district on July 19, 2016.[1] After Petitioner failed to respond to a Notification of Right to Consent to Proceed Under 28 U.S.C. § 2255 entered on July 20, 2016, by Order entered September 13, 2016, the Clerk of Court was directed to close the § 2241 habeas action and open it as a § 2255 motion to vacate in Petitioner's underlying criminal case, and correct the nature of suit and cause of action. On September 13, 2016, the Clerk of Court sent Petitioner a Notice of Deficient Pleading which enclosed this Court's form § 2255 motion and advised him that he had twenty-one days to complete and return the form. Upon review of the original pleading filed by Petitioner, and in light of the discussion which follows, the undersigned has elected to issue this Report-Recommendation without waiting for Petitioner to comply with the Notice because no information which might be included in the form motion would alter the conclusion reached herein.

**A. Petitioner's Conviction and Sentence**

On November 3, 2015, Petitioner was named in four counts of a four-count indictment issued by a grand jury sitting in the Northern District of West Virginia, charging Petitioner in Count One with distribution of Lisdexamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and

---
[1] See Case No. 5:16cv116.

841(b)(1)(C); in Count Two with distribution of cocaine base within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860; in Count Three with distribution of Lisdexamphetamine within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860; and in Count Four with distribution of cocaine base within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860.

On February 24, 2016, Petitioner signed a plea agreement, agreeing to plead guilty to Count Two of the Indictment. ECF No. 19 at 1. He entered his plea in open court on March 2, 2016. ECF No. 20. On July 5, 2016, Petitioner was sentenced to a term of 27 months imprisonment to be followed by a term of six years supervised release. ECF No. 23.

B. **Direct Appeal**

Petitioner filed a notice of appeal on July 18, 2016. ECF No. 28. Petitioner's appeal is still pending with the Fourth Circuit.

C. **Petitioner's Federal Habeas**

Only one day after filing of his notice of appeal, before he had even reported for incarceration, Petitioner filed this motion to vacate his sentence under § 2255 by hand-delivering it to the Clerk of this Court. In the motion, Petitioner asserts five grounds, reworded and reordered here for clarity:

1) prior to sentencing, all parties agreed in writing that Petitioner would receive a sentence of one year and one day and he received a 27-month sentence;

2) Petitioner's due process and equal protection rights were violated when the testimony of the police officer who testified at sentencing directly conflicted with counsel's notes and when Petitioner advised the Court that the police officer was lying, the Court did not order counsel to produce her notes or stop the sentencing hearing, appoint a different attorney, permitting counsel to take the stand;

3) neither police officer who testified at his sentencing hearing was the police officer who took Petitioner's statement at the interview at Fairmont Police Station, and thus neither could confirm or deny any of the false testimony;

4) counsel was ineffective for not informing the court that she had evidence to contest the police testimony; and

5) counsel was ineffective at sentencing for not arguing the increased sentence and not advising Petitioner that he did not have to accept the changes. ECF No. 36 at 2 – 3.

Petitioner requests no particular relief; however, the undersigned assumes that Petitioner is seeking to have his sentence vacated and to be re-sentenced.

## II. **Analysis**

As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). This jurisdictional transfer principle prevents a district court from taking any action that would impermissibly "alter the status of the case as it rests before the Court of Appeals." Dayton Indep. School Dist. v. United States Mineral Prods. Co., 906 F.2d 1059, 1063 (5th Cir. 1990). Therefore, when an appeal is pending, the district court retains jurisdiction only to determine matters that are "uniquely separable" and collateral to the issues involved in the appeal. See Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 98 (3rd Cir. 1988). "This judge-made rule . . . was designed to address the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously." United States v. Swint, 2007 WL 675340 (E.D. Pa. Feb. 27, 2007) (internal citations and quotations omitted).

Here, the issues raised by Petitioner in his § 2255 motion are not "uniquely separable" and collateral from a decision on the merits of his appeal. Rather, a decision favorable to

Petitioner in these proceedings would clearly alter the status of the case as it rests before the Court of Appeals. Thus, Petitioner's § 2255 motion should be dismissed as premature. Walker v. Connor, 2003 WL 21660483 (4th Cir. 2003) (unpublished).

### III. Recommendation

For the reasons set forth herein, the undersigned recommends that the Petitioner's § 2255 petition [ECF No. 36] be **DISMISSED without prejudice as premature**.

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address on the docket.

DATED: September 14, 2016.

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE